Eric SOWELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–307–CR.

Court of Appeals of Texas,
Waco.

March 28, 2001.

Adam L. Seidel, Dallas, for appellant.

Bill Hill, Dallas County Dist. Atty., Kerry P. Fitzgerald, Dallas County Asst. Dist. Atty., Lisa Braxton Smith, Dallas County Asst. Dist. Atty., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

DAVIS, Chief Justice.

On September 27, 1996, Eric Sowels pled guilty to robbery and was sentenced to ten years' probation. In August of 1999, Sowels pled true to allegations in a motion to revoke his probation, and the court sentenced him to four years' confinement and a $500 fine. Sowels then appealed.

Appellate counsel filed a motion to withdraw from representation of Sowels with a supporting *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Sowels was notified that he had the right to respond to counsel's motion and brief, but no response has been filed. *See Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex.App.—Waco 1997, order) (order discussing procedures for *Anders* appeal, revisiting *Johnson v. State*, 885 S.W.2d 641, 646 (Tex. App.—Waco 1994, order)).

■ Counsel considers the indictment, pretrial motions, Sowels' guilty plea, the sufficiency of the evidence, the court's evidentiary rulings, the judgment and sentence, and the effectiveness of trial counsel in his brief. Counsel's brief contains references to both the record and applicable statutes, rules, and cases and discusses why counsel concludes that the record does not present an arguable issue. *See Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim.App.1974) (brief contains a professional evaluation of the record demonstrating why, in effect, there are no arguable issues to be advanced). We are satisfied that counsel has diligently searched the record for any arguable issue. *McCoy v. Court of Appeals of Wisconsin Dist. 1*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1904, 100 L.Ed.2d 440 (1988). We have independently reviewed the record to search for

any issues "which might arguably support an appeal." *Wilson*, 955 S.W.2d at 698.

CONCLUSION

Because we have determined that there are no issues "which might arguably support an appeal," we affirm the judgment.

CHANGES IN *ANDERS* PROCEDURE

■ In the past, our practice has been to grant counsel's motion to withdraw and affirm the judgment. We have more recently concluded that this Court does not have authority to permit appointed counsel to withdraw. Because we do not have the authority to permit appointed counsel to withdraw, we dismiss the motion to withdraw. We take this opportunity to further clarify our *Anders* procedure.

In *Johnson v. State*, we held that if counsel concluded that the appeal was frivolous, *Anders* required counsel to file a motion to withdraw from representation of the appellant. *Johnson*, 885 S.W.2d at 645. We further observed that we should grant the motion to withdraw upon finding the appeal frivolous. *Wilson*, 955 S.W.2d at 698.

The United States Supreme Court recently stated that the procedures outlined in *Anders* are not mandatory. *See Smith v. Robbins*, 528 U.S. 259, 273, 120 S.Ct. 746, 757–58, 145 L.Ed.2d 756 (2000). The Court stated:

Finally, any view of the procedure we described in the last section of *Anders* that converted it from a suggestion into a straitjacket would contravene our established practice, rooted in federalism, of allowing the States wide discretion, subject to the minimum requirements of the Fourteenth Amendment, to experiment with solutions to difficult problems of policy....

*Id.* Because state law mandates a variance from *Anders*, we now depart from the procedure outlined in *Johnson* and modified by *Wilson*.

■ The Code of Criminal Procedure dictates that the responsibility for appointment and withdrawal of court-appointed counsel for indigent criminal defendants and appellants remains with the trial court. TEX.CODE CRIM. PROC. ANN. art. 26.04(a) (Vernon 1989); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.—Waco 1999, order). The statute states:

(a) Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

TEX.CODE CRIM. PROC. ANN. art. 26.04(a). There is no limitation on the time frame during which the trial court has authority to make the appointment or substitution of counsel. *Enriquez*, 999 S.W.2d at 908. Thus, that authority remains with the trial court. It is therefore not appropriate for counsel to file a motion to withdraw in the appellate court concurrent with an *Anders* brief. Any motion to withdraw as appointed counsel should be filed with the trial court. *Enriquez*, 999 S.W.2d at 908; *but see Hudspeth v. State*, 31 S.W.3d 409, 412 (Tex.App.—Amarillo Oct.19, 2000, no pet.).[1] If allowed to withdraw prior to the

---

1. The Amarillo Court relied on the opinion of the Court of Criminal Appeals in *Moore v.*

*State* and this Court's opinion in *Johnson v. State* to conclude that only the appellate court

disposition of the appeal, counsel shall file a copy of the order granting the motion to withdraw with the appellate court clerk.

## OUR PROCEDURE IN *ANDERS* CASES [2]

 When appointed counsel files an *Anders* brief, it should be accompanied by a "Notice of Filing of *Anders* Brief." *High v.. State*, 573 S.W.2d 807, 809 (Tex.Crim.App.1978)(panel). This notice will facilitate identification and processing of the matter by the clerk's office as a possible *Anders* case. While the notice is not essential to disposition, it is desirable.

 In addition to the desired notice, before we can decide a case in which an *Anders* brief has been filed, we must be presented with an adequate basis to determine that counsel has provided a copy of the *Anders* brief to the appellant and fully informed the appellant of the right to review the appellate record and to file a brief or other response. *McMahon v. State*, 529 S.W.2d 771, 772 (Tex.Crim.App.1975); *See also Wilson*, 955 S.W.2d at 694, *Johnson*, 885 S.W.2d at 646–47. As stated in *Johnson:*

> The attorney's view of the merits of an appeal is not determinative of a defendant's right to appeal; that right remains even though the attorney has con-

cluded that there are no arguable points to be advanced. Thus, to render effective assistance of counsel, the attorney carries three distinct "educational" burdens. First, the attorney must provide the client a copy of the brief.... *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Second, he must inform the client that he has the right to file a brief on his own behalf. *McMahon v. State*, 529 S.W.2d 771, 772 (Tex.Crim.App.1975). Finally, counsel must tell the defendant that he has the right to review the record to determine what points to raise in his pro-se brief. *Id.*

*Id.* We have previously determined that a mere statement in the *Anders* brief of these rights is not adequate to inform the appellant of these rights. *Id.*

 We encourage counsel to communicate their intent to prepare and file an *Anders* brief to the appellant as early in the process as possible. The communication to the appellant must be sufficient to bring to the appellant's attention that the attorney has determined there is no basis on which to present an appeal and that counsel is communicating that determination to the court. A copy of correspondence to the appellant in which the process is explained and the rights outlined will normally suffice. However, if counsel in-

---

has authority to permit counsel to withdraw in an *Anders* case. *Hudspeth v. State*, 31 S.W.3d 409, 412 (Tex.App.—Amarillo Oct.19, 2000, no pet.) (citing *Moore v. State*, 466 S.W.2d 289, 291 n. 1 (Tex.Crim.App.1971); *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd)). However, the statute for appointment of counsel read far differently in 1971 than it does presently. *Compare* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 26.04, 1965 Tex. Gen. Laws 317, 425 (amended 1987) *with* Tex.Code Crim. Proc. Ann. art. 26.04 (Vernon 1989). Additionally, we effectively disavowed this aspect of *Johnson* when we decided *Enriquez*. We now do so expressly.

2. We do not write rules by opinion. *Lehmann v. Har Con Corp.*, 44 Tex. Sup.Ct. J. 364, 39 S.W.3d 191 (2001), 2000 WL 33146410, *13. Thus, until the void in the Code of Criminal Procedure regarding the method for presenting and considering appeals when an *Anders* brief is filed has been filled by the legislature, or the Court of Criminal Appeals, we have no alternative other than to decide the cases as they are presented. However, we also believe it fundamentally inefficient to not publicly advise the attorneys presenting cases in this court how we address this issue and what is required of them. *High v. State*, 573 S.W.2d 807, 808 (Tex.Crim.App.1978)(panel op.).

tends to provide us a copy of the letter containing the information we need to determine that the appellant has been adequately advised of these rights, the letter should not contain any communications, the disclosure of which would violate the attorney/client privilege. Alternatively, the required information may be provided in a separate certification confirming compliance with each of the requirements as stated herein. *See Smith,* 528 U.S. at 266, 120 S.Ct. at 754.

To summarize, when counsel files an *Anders* brief, it should be accompanied by a "Notice of Filing of *Anders* Brief" and we must be provided a record from which we are able to readily determine that:

1. Counsel has provided Appellant with a copy of the brief;
2. Counsel has informed Appellant of the right to review the record; and
3. Counsel has informed Appellant of the right to file a brief or other response on his own behalf.

Once counsel has filed the brief and has met the obligation to advise the appellant of these rights, the appellant has thirty days within which to file a *pro se* brief or other response or a motion for an extension of time in which to file a brief or other response. *Wilson,* 955 S.W.2d at 695–96. The appellant may or may not choose to file a brief or other response but if one is filed, it should at a minimum identify for the Court those issues which the indigent appellant believes the Court should consider in deciding whether the case presents any meritorious issues. *Id.* at 697.

The State's right to file a responsive brief commences upon the filing of a *pro se* brief or other response. Upon receipt of the State's brief or waiver of the right to file a brief, we will consider any potential issue identified in any of the briefs. Additionally, we will engage in an independent review of the record to search for any issues "which might arguably support an appeal." *Id.* at 698.

If we do not find any arguable issue for appeal, we will affirm the judgment. Unless appellate counsel has been allowed to withdraw, counsel must advise the appellant of the result of the appeal and if the appellant's judgment of conviction and sentencing is affirmed, the appellant's right to file a petition for discretionary review. *Stephens v. State,* 35 S.W.3d 770, 771–72 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

If we determine there is any arguable issue for appeal, we will proceed as the circumstances of the case may require.