Michael Randell Montgomery v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-123-CR
No. 10-01-124-CR

     MICHAEL RANDELL MONTGOMERY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 339th District Court
Harris County, Texas
Trial Court Nos. 844,769 and 843,099
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Michael Randell Montgomery pled guilty to two indictments charging the offenses of
Aggravated Robbery. Montgomery pled guilty without a plea recommendation and asked the trial
court to defer a finding of guilt and place him on community supervision. The trial court found
Montgomery guilty and sentenced him to 20 years in prison for each offense. Montgomery now
appeals.
Anders Brief
      Montgomery’s counsel on both appeals filed Anders briefs. See Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Counsel certified he provided
Montgomery with copies of the briefs and advised Montgomery that he had the right to file his
own briefs and that a record would be made available to him. See Sowels v. State, 45 S.W.3d
690, 693 (Tex. App.—Waco 2001, no pet.). Montgomery did not file any pro-se briefs. The
State did not file any reply briefs.
      We now decide whether the cases have no arguable grounds as claimed by counsel. See
Taulung v. State, 979 S.W.2d 854, 855 (Tex. App.—Waco 1998, no pet.). Counsel, in his briefs,
reviewed the indictment, pleadings, and all other matters filed and contained in the record. 
Counsel's briefs also contained references to both the record and applicable statutes, rules, and
cases, and discussed why counsel concluded that there were no arguable grounds for the appeals. 
See Sowels, 45 S.W.3d at 691.
      We have independently reviewed the record and agree that there are no issues “which might
arguably support an appeal” in either cause. Id.
      Because we are affirming Montgomery’s judgment and sentence in each cause, counsel must
advise Montgomery of the result of this appeal and of his right to file a petition for discretionary
review. Id. at 694; see also Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).
Conclusion
      We affirm the judgments of the trial court.
                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed September 19, 2001
Do not publish
[CR25]



that the tape was
an incomplete recording of the section concerning this offense. Dispatch supervisor, Alvin Posey,
testified that he copied the tape of the 911 call and that the entire call was recorded on the tape. 
Testimony was also given indicating that the original tape no longer existed. The court denied the
motion for new trial.
      In order to obtain a new trial upon newly discovered or “newly available” evidence, 
the following elements are required: 
(1)the newly discovered evidence was unknown to the movant at the time of
trial;
 
(2)the movant’s failure to discover the evidence was not due to his want of
diligence;
 
(3)the evidence is admissible and not merely cumulative, corroborative,
collateral or impeaching; and
 
            (4)the evidence is probably true and would probably bring about a different result
in
another trial.
 
Ashcraft v. State, 918 S.W.2d 648, 653 (Tex. App.—Waco 1996, pet ref’d) (citing Moore v. State,
882 S.W.2d 844, 849 (Tex. Crim. App. 1994). Further, motions for new trial based on newly
discovered evidence are not favored by the courts and are viewed with great caution. Drew v.
State, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987). 
      Grant has failed to show that any conversation omitted from the tape probably would have
brought about a different result. Grant says that the alleged omitted conversation might have been
exculpatory. However, no evidence was presented that indicated what might have been omitted
from the tape. The portion of the tape played for the jury was highly inculpatory and no evidence
was presented which suggested that any omitted portion would have been otherwise. 
      A trial court has sound discretion when considering a motion for new trial based on newly
discovered evidence. Jones v. State, 711 S.W.2d 35, 36 (Tex. Crim. App. 1986). The trial court’s
decision should not be disturbed on appeal unless a clear abuse of discretion is shown. Id. Grant
did not meet the requirements shown above for obtaining a new trial based on newly discovered
evidence. Therefore, we find that the trial court did not abuse its discretion in denying Grant’s
motion for new trial. 
      We overrule the second point of error.
      We affirm the judgment. 
 
 REX D. DAVIS
 Chief Justice
                                 
Before Chief Justice Davis
           Justice Cummings and
           Justice Vance
Affirmed
Opinion delivered and filed October 8, 1997
Do Not Publish