Alvin Mendel Short v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-116-CR

     ALVIN MENDEL SHORT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # F34000
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Alvin Mendel Short pled guilty to the felony offense of aggravated assault, a second-degree
felony, and the jury assessed punishment at sixteen years in prison. Court-appointed trial counsel
continued to represent Short on appeal.
      On January 16, 2002, the following were filed in this appeal:
      •    Appellant’s Anders brief.
      •    Appellant’s attorney’s Motion to Withdraw.
      In Sowels v. Texas, we discussed our procedures in Anders cases. 45 S.W.3d 690 (Tex.
App.—Waco 2001, no pet.). Anders v. California discusses a court-appointed appellate attorney’s
obligations when the record contains no issues which might arguably support an appeal. 386 U.S.
738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). After affirming the judgment in Sowels,
we described in detail how Anders cases are processed in our court. Those procedures are as
follows:
      1.   The appellant’s attorney must submit a brief from which it is clear the attorney has
diligently searched the record for any issues which might arguably support an appeal and
found none.
 
      2.   We recommended that the appellant’s attorney send us a “Notice of Filing of Anders
Brief” so we will be alerted to this fact as soon as possible.
 
      3.   The appellant’s attorney must supply us with a notice, letter, or other written document
indicating or asserting that the attorney has:
 
            A.  provided a copy of the brief to the appellant;
 
            B.  made it clear to the appellant that the attorney has concluded there are no issues
which might arguably support an appeal and the attorney is communicating that to
the appellate court;
 
            C.  fully informed the appellant of his or her right to review the record; and
 
            D.  fully informed the appellant of his or her right to file a pro se brief or other
response.
 
      4.   After the Anders brief has been filed and the attorney has met the obligations described
in “A”, “B”, “C”, and “D”, the appellant has thirty days to file a pro se brief or other
response, or to file a motion for extension of time in which to do so.
 
      5.   If the appellant files a pro se brief or other response, the State then has a right to file a
brief or other appropriate response, or a written waiver thereof. On receipt of the State’s
response or waiver, we will independently review the record for any issues which might
arguably support an appeal.
 
      6.   If we find any issues which might arguably support an appeal, we will proceed as
required.
 
      7.   If we agree there are no issues which might arguably support an appeal, we will affirm
the judgment.
 
      8.   If the appellant’s attorney wishes to withdraw at any time, the attorney must present a
motion to the trial court which appointed the attorney. A copy of any order of
withdrawal must be filed by the attorney with us.
      We have reviewed the record, and we find that our requirements listed above have been met. 
The Anders brief shows that Short’s attorney professionally and systematically examined the entire
record for issues which might arguably support an appeal, and concluded there are none. The
attorney filed a letter with this court that she sent Short; it shows compliance with “3” above. 
Short waived his right to file a pro se brief or other response by failing to file a brief. The State
did not file a waiver or any other response, which we take as an implied waiver. Our independent
review of the record did not reveal any issues which might arguably support an appeal. Therefore,
we affirm the judgment.
      Appellate counsel must inform Short of the results of this appeal and of his right to file a
petition for discretionary review. Sowels, 45 S.W.3d at 694. Furthermore, we dismiss counsel’s
motion to withdraw because, as previously explained, it must be filed with the trial court.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 3, 2002
Do not publish
[CR25]