Bobby Taylor v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-105-CR

     BOBBY TAYLOR,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 20014326CR2
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Bobby Taylor was convicted by a jury of theft. The court sentenced him to 150 days in jail. 
Taylor’s court-appointed trial attorney continued to represent him on appeal. Apparently Taylor
has already served his time and has been released from jail.
      On July 2, 2002, Taylor’s attorney filed in this appeal an Anders brief and a Motion to
Withdraw as counsel. On July 3, 2002, the attorney filed a Supplement to Motion to Withdraw. 
On August 26, 2002, the attorney filed a motion to withdraw with the trial court.
      In Sowels v. State, we discussed our procedures in Anders cases. Sowels v. State, 45 S.W.3d
690 (Tex. App.—Waco 2001, no pet.). Anders v. California discusses a court-appointed appellate
attorney’s obligations when the record contains no issues which might arguably support an appeal. 
Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). After
affirming the judgment in Sowels, we described in detail how Anders cases are processed in our
court. Those procedures are as follows:
      1.   The appellant’s attorney must submit a brief from which it is clear the attorney has
diligently searched the record for any issues which might arguably support an appeal and
found none.
 
      2.   We recommended that the appellant’s attorney send us a “Notice of Filing of Anders
Brief” so we will be alerted to this fact as soon as possible.
 
      3.   The appellant’s attorney must supply us with a notice, letter, or other written document
indicating or asserting that the attorney has:
 
            A.  provided a copy of the brief to the appellant;
 
            B.  made it clear to the appellant that the attorney has concluded there are no issues
which might arguably support an appeal and the attorney is communicating that to
the appellate court;
 
            C.  fully informed the appellant of his or her right to review the record; and
 
            D.  fully informed the appellant of his or her right to file a brief or other response.
 
      4.   After the Anders brief has been filed and the attorney has met the obligations described
in “A”, “B”, “C”, and “D”, the appellant has thirty days to file a brief or other
response, or to file a motion for extension of time in which to do so.
 
      5.   If the appellant files a brief or other response, the State then has a right to file a brief or
other appropriate response, or a written waiver thereof. 
 
      6.   We will independently review the record for any issues which might arguably support an
appeal. If we find any issues which might arguably support an appeal, we will proceed
as required. If we agree there are no issues which might arguably support an appeal, we
will affirm the judgment.
 
      7.   If the appellant’s appointed attorney wishes to withdraw at any time, the attorney must
present a motion to the trial court which appointed the attorney. A copy of any order of
withdrawal must be filed by the attorney with us.
      We have reviewed the record, and we find that our requirements listed above have been met. 
The Anders brief shows that Taylor’s attorney professionally and systematically examined the
entire record for issues which might arguably support an appeal, and concluded there are none. 
Documents in the record, filed by Taylor’s attorney, show compliance with “3” above. Taylor
waived his right to file a pro se brief or other response by failing to file either. The State has not
responded with any filings. Our independent review of the record does not reveal any issues
which might arguably support an appeal. Therefore, we affirm the judgment.
      Appellate counsel must inform Taylor of the results of this appeal and of his right to file a
petition for discretionary review. Sowels, 45 S.W.3d at 694. Furthermore, we dismiss counsel’s
motion to withdraw because, as previously explained, it has been, properly, filed with the trial
court.
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 2, 2002
Do not publish
[CR25]