Daniel Gonzales v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-138-CR
No. 10-02-139-CR

     DANIEL GONZALES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court Nos. 26,250-272 and 26,798-272
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      We have determined that this opinion (a) does not establish a new rule of law, alter or modify
an existing rule, or apply an existing rule to a novel fact situation likely to recur in future cases;
(b) involve an issue of constitutional law or other legal issue important to the jurisprudence of
Texas; (c) criticize existing law; or (d) resolve an apparent conflict of authority. See Tex. R. App.
P. 47.4. Accordingly, as directed by the Rules of Appellate Procedure, we issue this brief
memorandum opinion to advise the parties of our decision and the basic reasons for it. See id.
      Daniel Gonzales had been on community supervision, which was imposed in two separate
cases. On January 6, 1999, Gonzales pled guilty to aggravated assault, for which he was
sentenced to ten years’ imprisonment, probated for seven years. On May 20, 1999, Gonzales pled
guilty to possession of a controlled substance (cocaine) less than one gram, for which he was
sentenced to two years’ imprisonment, probated for three years. The State filed motions to revoke
community supervision in both cases, and the motions were heard simultaneously, on April 12,
2002, when Gonzales pled “true” to the allegations. The court granted the motions and sentenced
Gonzales to ten years’ confinement in prison for the aggravated assault conviction and two years’
confinement at a state jail facility for possession of a controlled substance.
      On February 4, 2003, Gonzales’s court-appointed attorney filed Appellant’s Anders Brief. 
In Sowels v. State, we discussed our procedures in Anders cases. Sowels v. State, 45 S.W.3d 690
(Tex. App.—Waco 2001, no pet.). Anders v. California discusses a court-appointed appellate
attorney’s obligations when the record contains no issues which might arguably support an appeal. 
Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). After
affirming the judgment in Sowels, we described in detail how Anders cases are processed in our
court. Those procedures are as follows:
      1.   The appellant's attorney must submit a brief from which it is clear the attorney has
diligently searched the record for any issues which might arguably support an appeal and
found none.
 
      2.   We recommended that the appellant's attorney send us a "Notice of Filing of Anders
Brief" so we will be alerted to this fact as soon as possible.
 
      3.   The appellant's attorney must supply us with a notice, letter, or other written document
indicating or asserting that the attorney has:
 
                  A.  provided a copy of the brief to the appellant; 
 
                  B.  made it clear to the appellant that the attorney has concluded there are no issues
which might arguably support an appeal and the attorney is communicating that
to the appellate court;
 
                  C.  fully informed the appellant of his or her right to review the record; and
 
                  D.  fully informed the appellant of his or her right to file a brief or other response.
 
            4.   After the Anders brief has been filed and the attorney has met the obligations
described in "A", "B", "C", and " D", the appellant has thirty days to file a brief or
other response, or to file a motion for extension of time in which to do so.
 
            5.   If the appellant files a brief or other response, the State then has a right to file a brief
or other appropriate response, or a written waiver thereof. On receipt of the State's
response or waiver, we will independently review the record for any issues which
might arguably support an appeal.
 
            6.   If we find any issues which might arguably support an appeal, we will proceed as
required.
 
            7.   If we agree there are no issues which might arguably support an appeal, we will
affirm the judgment.
 
            8.   If the appellant's appointed attorney wishes to withdraw at any time, the attorney
must present a motion to the trial court which appointed the attorney. A copy of any
order of withdrawal must be filed by the attorney with us.
      We have reviewed the record, and we find that our requirements listed above have been met. 
The Anders brief shows that Gonzales's attorney professionally and systematically examined the
entire record for issues which might arguably support an appeal and concluded there are none. 
The attorney filed a letter with this court that shows compliance with "3" above. Gonzales has
waived his right to file a pro se brief or other response by failing to file either. Our independent
review of the record does not reveal any issues which might arguably support an appeal. 
Therefore, we affirm the judgment.
      Appellate counsel must inform Gonzales of the results of this appeal and of his right to file
a petition for discretionary review. Sowels, 45 S.W.3d at 694.
 
 
                                                                   BILL VANCE 
                                                                   Justice 

Before Chief Justice Davis, 
     Justice Vance, and 
     Justice Gray 
Affirmed 
Opinion delivered and filed May 14, 2003
Do not publish
[CR25]