Brian Keith Owens v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-124-CR

     BRIAN KEITH OWENS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 1A District Court
Tyler County, Texas
Trial Court # 9254
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Brian Keith Owens appeals his conviction by a jury for the offense of aggravated sexual
assault of a child. The jury assessed his punishment at life imprisonment in the Texas Department
of Criminal Justice, Institutional Division, and a fine of $10,000.
      Owens’s court-appointed counsel for appeal filed a brief in which, after an examination of the
record, he concluded that the appeal is wholly frivolous and without merit. In accordance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), counsel has
presented four issues in his brief relating to the trial court overruling Owens’s objections to certain
testimony and to the court’s charge, and to the possible ineffectiveness of Owens’s trial counsel
due to his failing to object to a videotaped interview with the victim and to his failure to present
any evidence at the punishment phase of the trial.
      After examining those issues, Owens’s appellate counsel concluded that: (1a) the trial court
did not err in admitting into evidence a statement made by the victim to her mother because the
statement constituted an outcry statement admissible by virtue of article 38.072 of the Texas Code
of Criminal Procedure; (1b) statements made by the victim to her counselor concerning her
medical problems were admissible as an exception to the hearsay rule by virtue of Texas Rule of
Evidence 803(4); (2) the trial court did not err in overruling Owens’s objection to the charge
because an instruction that the jury was to find Owens “not guilty” if it found that the State failed
to prove “each element of the offense” beyond a reasonable doubt is synonymous with an
instruction that the jury was to find Owens “not guilty” if the State failed to prove “any element
of the offense” beyond a reasonable doubt; (3) Owens’s counsel was not ineffective for failing to
object to a videotaped statement of the victim where the record reflects that he and Owens felt that
the tape would help Owens’s case; and (4) Owens’s counsel was not ineffective for failing to
present any evidence at the punishment phase of the trial due to Owens’s prior convictions for
theft, two prior charges of aggravated sexual assault, and three prior charges of indecency with
a child. For the reasons stated by Owens’s appellate counsel, we agree that the four issues
presented by him are without merit, and we overrule those four issues. After a full record was
made available to Owens, he filed a pro se brief in which he presents eleven issues. We affirm.
      Owens contends in issue one that the State mailed its “Notice of State’s Intent to Introduce
Child Victim’s Statement” to his attorney but that his attorney did not receive it. The record does
not show that his attorney did not receive the notice. As proof that the record does disclose that
his attorney did not receive the notice, Owens refers us to portions of the record in which his
counsel objected to the victim’s outcry statement on the basis of hearsay. There is no indication
that the objection was made because his attorney had not received the notice, nor was there any
objection made or continuance requested due to failure to receive the notice. Even if his counsel
did fail to receive the notice, Owens makes no contention that such a failure resulted in any harm
to his substantial rights at trial. Tex. R. App. P. 44.2(b). We overrule issue one.
      Owens urges in issues two and three that the jury was tainted because everyone knew the
district attorney, at least one member of the venire panel was prejudiced in favor of the district
attorney, and any member of the venire panel who knew Owens was struck. In issue three, he
urges that a juror who was challenged for cause was not the one intended, whereas the one
intended was someone with whom he was less than friends due to a “falling out.” Owens’s
argument presupposes that anyone who knew the district attorney was prejudicial to him, but he
refers us to only one veniremember, a Mr. McGuire, who indicated that he could not be fair and
impartial because he had known the district attorney for forty years. That veniremember was
peremptorily challenged by Owens and did not serve on the jury. One veniremember, a Mr.
Dykes, indicated that he and Owens had gone to school together and that he had been in Owens’s
home. Mr. Dykes indicated that he did not think he could be fair. The State challenged Mr.
Dykes for cause. Another veniremember, unidentified in the record, indicated that he or she knew
Owens in Colmesneil. Finally, a veniremember, Ms. Rogers, said she had seen Owens at a
ballpark and thought his little girl played baseball with her granddaughter. Ms. Rogers served on
the jury.
      The record does not show how many veniremembers knew the district attorney, but the record
shows that it was a number that caused Owens’s attorney to say it scared him a little. There is no
basis in the record for Owens’s assertion that members of his jury were prejudiced against him
simply because they knew the district attorney. Owens did not challenge veniremember McGuire,
the only veniremember who indicated prejudice due to knowing the district attorney, for cause,
but, as previously noted, he did peremptorily challenge McGuire. Consequently, McGuire did
not serve on the jury.
      The record reflects that there was an agreement between the State and Owens’s counsel to
challenge John Smithson for cause and that he had indicated that he knew Owens. Owens’s
assertion is that the unidentified juror who said he or she knew him from Colmesneil was really
Larry Seamans and that Seamans was not a friend of his. This is completely outside the record. 
As we have noted, another veniremember, Ms. Rogers, who said she had seen Owens at the
baseball park, served on the jury. Because Owens has failed to show from the record that any
prejudiced veniremember served on his jury or that the trial court made any error with respect to
challenges for cause or peremptory challenges, we find these issues to be without merit. We
overrule issues two and three.
      Owens insists in issue four that the testimony of Danny Worthy, an investigator for the Tyler
County Sheriff’s Department, is a lie. He makes no assertion that the evidence overall is either
legally or factually insufficient to support his conviction. In issues six and seven, Owens
complains of the credibility of the testimony of Deidre Frazier Young, the victim’s counselor, and
that of M.S., who testified at the punishment phase of the trial concerning sexual abuse committed
against her by Owens. To entertain these issues would require us to substantially intrude upon the
jury’s role as the sole judge of the weight and credibility of these witnesses’ testimony, which we
are not permitted to do. See Ortiz v. State, 93 S.W.3d 79, 88 (Tex. Crim. App. 2002). We
overrule issues four, six, and seven.
      Owens asserts in issue five that the trial court erred by not allowing him to show the jury a
five-inch scar, which he says is located at the hairline of his pubic area, just below his waistline. 
Owens testified that he had variococele surgery in March 2000 because of extra veins running
down into his testicle sack. He indicated that the surgery left a scar that was there in the summer
of 2000. He stated that the scar was more visible at that time than at the time of trial. He said
that there was a way to show the scar and still be decent. When his attorney told the court that
he would like to exhibit the scar to the jury, the court replied that it would not be necessary. 
Owens then testified that there was no way that anyone could see his private parts and miss the
scar. On cross-examination, the State, in its only question relevant to the scar, assumed its
existence. There is no indication that there is anything in the record to indicate the appearance
of the scar as it would have been exhibited to the jury.
      Even if evidence is relevant, it may be excluded if its probative value is substantially
outweighed by needless presentation of cumulative evidence. Tex. R. Evid. 403. We hold that
the trial court could have reasonably determined that the exhibition of the scar, in view of Owens’s
undisputed testimony that he had such a scar, was a needless presentation of cumulative evidence
that substantially outweighed any probative value of the scar’s exhibition. The record shows that
the State merely suggested that the victim would not have seen it, not that Owens did not have it. 
Consequently, even if the trial court abused its discretion by not allowing Owens to exhibit his
scar, Owens has failed to establish that the exclusion affected his substantial rights. If Owens
asserts that the exhibition of the scar, because of its nature, was so highly probative that it would
not have been substantially outweighed by its cumulative nature, we are unable to review such an
issue because the appearance of Owens’s scar is not contained in the record. We overrule issue
five.
      Issues eight, nine, and ten are confusing and multifarious, but we will address them as best
we can. In these issues, Owens seeks to maintain that he received ineffective assistance at trial. 
He urges that his counsel did nothing concerning why his wife had obtained a protective order;
that his counsel lost paperwork concerning the case; that his counsel did not know he had given
a written statement; that his counsel did not insist on a hearing concerning the admissibility of his
statement; that his counsel needed to be reminded of certain “housekeeping stuff” to put on the
record; and that his attorney pointed out that he was quick on voir dire to assist the district
attorney and the court in timing a recess because the district attorney needed to go briefly to
commissioner’s court.
      We apply a two-pronged test to ineffective assistance of counsel claims. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's performance was
deficient; second, appellant must show the deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
      In evaluating the effectiveness of counsel under the first prong, we look to the totality of the
representation in the particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error. Strickland, 466 U.S. at 668-89, 104 S. Ct.
at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct.
at 2066. An allegation of ineffective assistance must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 814. 
Our scrutiny of counsel's performance must be highly deferential, and every effort must be made
to eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
      The second prong of Strickland requires a showing that counsel's errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. Id. at 687, 104 S.
Ct. at 2064. In other words, appellant must show that there is a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would have been different. Id.
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must be on the fundamental
fairness of the proceeding whose result is being challenged. Id. at 697, 104 S. Ct. at 2070.
      We first consider Owens’s contention that his attorney was ineffective by failing to deal with
the issue concerning why Owens’s wife obtained a protective order, by not insisting on a hearing
regarding the admissibility of his written statement, and by assisting the court and district attorney
with timing a recess by remarking that he was notoriously fast on voir dire. We note that Owens’s
contention concerning the protective order is based upon his assertion that his wife obtained the
protective order out of fear of the district attorney rather than fear of him. This assertion is
without foundation in the record. Our record does not contain any indication as to counsel’s
reasons for doing nothing concerning the protective order, why he offered Owens’s statement into
evidence, rather than requesting a hearing concerning its admissibility, or why he assisted the
court and district attorney by noting his notorious quickness on voir dire. By failing to present
a record showing such reasons, Owens has failed to rebut the presumption that his counsel acted
reasonably. Thompson, 9 S.W.3d at 813, n.5. As noted in Thompson, ineffective assistance
claims are usually best addressed by a post-conviction writ of habeas corpus under article 11.07
of the Texas Code of Criminal Procedure. Id. at 814.
      We next consider Owens’s claim that his counsel was ineffective due to misplaced paperwork,
his lack of knowledge of Owens’s statement, and his need to be reminded to put certain matters
on the record. Owens has made no showing, with respect to any of these matters, as to how they
prejudiced his defense.
      In addition to claims of ineffective assistance of counsel, Owens may be complaining of the
trial court’s failing to hold a hearing concerning the admissibility of his written statement, failing
to read the victim’s statement before ruling on its admissibility, and starting the trial while the
district attorney ran an errand to commissioner’s court. Because Owens made no objection to any
of these matters at trial, nothing is presented for review. Tex. R. App. P. 33.1(a)(1). We
overrule issues eight, nine, and ten.
      In issue eleven, Owens complains that Child Protective Services has been harassing his wife
concerning his appeal. He suggests that its workers are doing so as prompted by the district
attorney. None of these assertions involve any error at trial and all of them are outside the record. 
We overrule issue eleven.
      The judgment is affirmed. Inasmuch as this court does not have authority to permit appointed
counsel to withdraw, we dismiss counsel's motion to withdraw. See Sowels v. State, 45 S.W.3d
690, 692 (Tex. App.—Waco 2001, no pet.).

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed June 25, 2003
Do not publish
[CRPM]