Luther Rivers Jr. v. State














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-014-CR
No. 10-01-015-CR

     GLENN ALLEN MASON, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 122nd District Court
Galveston County, Texas
Trial Court Nos. 00-CR-0951 and 00-CR-0952
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Glenn Allen Mason, Jr. of two charges of aggravated robbery. The court
sentenced Rivers to thirty years’ imprisonment in both cases to run concurrently.
      Mason’s appellate counsel has filed an Anders brief. See Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493, 498 (1967). Counsel notified Mason that he had
filed an Anders brief, sent him a copy of the brief, informed him that he had the right to file a pro
se brief or other response, and told him how to obtain a copy of the record for preparation of a
brief or response. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.—Waco 2001, no pet.). 
This Court also advised Mason that he could review the record and file a brief or response. The
Court granted Mason’s request for additional time to file a brief or response, but he failed to do
so.
      Mason’s counsel identifies four “potential sources of error” in his brief. Counsel reviews:
(1) the legal and factual sufficiency of the evidence; (2) the propriety of the victims’ in-court
identification of Mason after officers returned him to the scene of the crime for a “one man show-up”; (3) the court’s refusal to charge the jury on the lesser-included offense of theft; and (4)
whether Mason received effective assistance of counsel at trial. Mason’s appellate counsel then
concludes that the appeal presents no issues of arguable merit. This Court has conducted an
independent review of the record and has reached the same conclusion. See Sowels, 45 S.W.3d
at 691-92.
      The indictment vested the court with jurisdiction. Mason called no witnesses. The record
contains legally and factually sufficient evidence to support the verdicts.
      Giving consideration to: (1) the victims’ opportunity to view Mason at the time of the
robbery; (2) their degree of attention; (3) the accuracy of their prior description of Mason; (4)
the level of certainty that they demonstrated when officers asked them whether Mason was the
robber; and (5) the time between the robbery and the identification, we conclude that under the
totality of the circumstances the victims’ in-court identifications of Mason were sufficiently
reliable. See Garza v. State, 633 S.W.2d 508, 513 (Tex. Crim. App. 1982) (op. on reh’g); Pace
v. State, 986 S.W.2d 740, 744-45 (Tex. App.—El Paso 1999, pet. ref’d); Woodard v. State, 931
S.W.2d 747, 750 (Tex. App.—Waco 1996, no pet.).
      Mason’s trial counsel asked the court to charge the jury on the lesser-included offense of theft
based on his contention that the confrontation was not a robbery but a “drug deal.” Counsel
acknowledged when he requested this charge that it rested on “some evidence that’s not been put
on.” The victims denied that any drug deal had taken place. Mason presented no evidence to
support his defensive theory. Accordingly, the record contains no evidence that if Mason is
guilty, he is guilty only of the lesser-included offense of theft. See Wesbrook v. State, 29 S.W.3d
103, 113 (Tex. Crim. App. 2000); Hardie v. State, 79 S.W.3d 625, 630 (Tex. App.—Waco 2002,
pet. ref’d). Thus, the trial court properly denied his request for a charge on the lesser-included
offense.
      The record does not affirmatively reflect conduct of trial counsel which would support a
finding of ineffective assistance on direct appeal, nor was trial counsel called upon to explain his
conduct. See Ortiz v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (“If counsel’s reasons
for his conduct do not appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on
an ineffective assistance claim on direct appeal.”).
      Accordingly, we affirm the judgment. Counsel must advise Mason of our decision and of his
right to file a petition for discretionary review. Sowels, 45 S.W.3d at 694.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 23, 2003
Do not publish
[CRPM]