**Randy Ray TOLBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–001–CR.**

Court of Appeals of Texas, Waco.

July 30, 2003.

David S. Barron, Bryan, for Appellant/Relator.

Doug Howell, Brazos County Asst. Dist. Atty., Bryan, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Randy Ray Tolbert was convicted of aggravated robbery and sentenced to serve ten years in prison and to pay a fine of $10,000. The sentence was suspended and Tolbert was placed on community supervision for ten years. Four years later, the trial court revoked Tolbert's community supervision and sentenced him to ten years in prison.

Counsel for Tolbert filed a notice of appeal. After five extensions to file a brief, counsel fax filed with this Court one copy of an *Anders*[1] brief. No other copies were ever received. TEX.R.APP. P. 9.3(a)(1)(C). In that brief, counsel did not indicate that he had sent a copy of the brief to Tolbert. He only indicated that he "will promptly deliver a copy of this brief to Appellant and explain to Appellant his right to file a *pro se* brief." Later, counsel filed a motion to withdraw. We denied that motion, citing *Sowels*. *Sowels v. State*, 45 S.W.3d 690 (Tex.App.-Waco 2001, no pet.). We also sent a letter to Tolbert informing him that his attorney had filed an *Anders* brief and we explained how to obtain a copy of his trial record and when his pro se brief or other response would be due. In response to our letter, Tolbert requested a copy of the trial record from the Brazos County District Clerk. He also requested a 90 day extension from this Court to file his brief. Tolbert gave no indication that he had received a copy of counsel's *Anders* brief. We were also never informed whether Tolbert received a copy of the trial record. Tolbert never filed a pro se brief or other response. We set this case for submission and notified Tolbert of our action. In response, Tolbert inquired about the status of his case.

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In *Sowels,* we distinctly set out the procedure to be used when filing *Anders* briefs. When counsel files an *Anders* brief, it should be accompanied by a "Notice of Filing of *Anders* Brief" and we must be provided a record from which we are able to readily determine that:

1. Counsel has provided Appellant with a copy of the brief;

2. Counsel has informed Appellant of the right to review the record; and

3. Counsel has informed Appellant of the right to file a brief or other response on his own behalf.

*Sowels,* 45 S.W.3d at 694. We have previously determined that a mere statement in the *Anders* brief of these rights is not adequate to inform the appellant of these rights. *Id.*

We have not been provided with anything from which we can readily determine that counsel has complied with *Sowels.* Indeed, because of the history of this case, we have grave concerns that counsel complied with *Sowels* and question whether counsel is providing effective representation on appeal.

Accordingly, we set aside the submission of this cause and abate it so the trial court may determine whether appellate counsel complied with *Sowels,* and if not, why, and whether Tolbert is receiving effective representation on appeal. *See* TEX.R.APP. P. 38.9(b). If the trial court determines that counsel has not complied with *Sowels* or is not providing Tolbert with effective representation, the trial court may order counsel to comply with *Sowels* or may order the withdrawal of appellate counsel and appoint different counsel on appeal.

The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing; (2) cause a court reporter to make a record of the hearing; (3) make appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

The court reporter shall prepare and file a supplemental reporter's record containing a transcription of the hearing within forty-five days after the date of this Order.

Thus, the submission of this cause is set aside, and the cause is abated and remanded to the trial court for further proceedings consistent with this order.