IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00091-CR

 

Cedric Johnson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court # 28,425-272

 



MEMORANDUM 
Opinion



 








        Cedric
Johnson appeals the revocation of his community supervision for burglary of a
building.  Johnson's counsel filed an Anders brief contending that this appeal
presents no issues of arguable merit.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Johnson has not filed a pro se brief or other response, though he was notified of his right
to do so.  See Sowels v. State, 45 S.W.3d 690, 691 (Tex. App.—Waco 2001, no pet.).  Because our independent review of the record
reveals no issues of arguable merit, we will affirm the judgment.

          The
state filed its revocation motion, Johnson was arrested, and the revocation
hearing was conducted well before the expiration of  Johnson's term of community supervision.  See
Peacock v. State, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002).  Though the judgment reflects that Johnson
pleaded "not true" to the motion to revoke, the record reflects that
he pleaded "true."  Moses v. State, 590 S.W.2d 469, 470
(Tex. Crim. App. 1979) (finding an appellant's pleading of true sufficient to
support the order revoking probation).  No
error occurred at the revocation hearing, and nothing indicates that trial
counsel was ineffective.  The punishment
assessed by the trial court of two years' confinement was within the statutory
range.  Tex.
Pen. Code Ann. § 12.35(a) (Vernon Supp. 2004).

          Our
independent review of the record has revealed no issues of arguable merit.  Accordingly, we modify the judgment to
reflect that Johnson pleaded "true" to the motion to revoke, and
affirm the judgment as modified.  Counsel
must advise Johnson of our decision and of his right to file a petition for
discretionary review.  See Sowels, 45 S.W.3d at 694.

 

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and 

          Justice Reyna

Affirmed

Opinion delivered and filed November
 3, 2004

Do not publish

[CR25]






;     The most recent case relied on by the majority is another opinion from Corpus Christi. See
Reyna v. First Nat. Bank in Edinburg, 55 S.W.3d 58 (Tex. App.—Corpus Christi 2001, no pet.). 
In Reyna, the court stated, “Reyna is asserting promissory estoppel. Promissory estoppel is a
cause of action available to a promisee who has acted to his detriment in reasonable reliance on
an otherwise unenforceable promise.” Id. at 70, n. 4. This statement was in a footnote that had
no impact on the decision by the court.
      In each of the cases cited above, the plaintiffs sued on causes of action other than promissory
estoppel. They then asked for the equitable relief of promissory estoppel if they failed to establish
their other causes. The odd-duck in all of this mess is a case cited by the majority from the San
Antonio court which stated that most bid construction cases do not involve a contract thus
promissory estoppel is a viable cause of action in those cases. Traco, Inc. v. Arrow Glass Co.,
Inc., 814 S.W.2d 186, 189 (Tex. App.—San Antonio 1991, writ denied). First, the majority
provides no analysis as to why this case deserves citation. The majority has not decided that there
is no contract. It doesn’t even state that it will follow San Antonio’s reasoning. So I must ask:
What’s the point of citing this case? Second, if the majority is going to follow Traco, then it needs
to conduct a review of the cases cited by Traco that “supports” the San Antonio court’s position. 
Traco relies on other jurisdictions to apply promissory estoppel to bid construction cases. Seeing
that the Traco court misstates the holdings from Wheeler and a case from Fort Worth, I would not
take for granted its interpretations of other jurisdictions’ case-law are correct.


 
      In this dissent, I would like to take the time to detail and further discuss these and other Texas
cases that have dealt with this issue. But, because a majority of this Court has already reached its
decision and because of the time pressures to clear cases off the dockets, I am limited to this
abbreviated analysis and discussion.
      In conclusion there is simply no need to create a new cause of action. Promissory estoppel
has a place as an equitable remedy when some other cause of action fails and equity demands
protection of one of the parties. But equity should only be the last resort when legal remedies fail
for some reason. I believe, based on the research conducted, that this case presents a very unique
opportunity to distinguish between the proper role of promissory estoppel as a limited remedy
rather than as a free standing cause of action. In this instance, Greer dismissed all its claims for
legal remedies and pursued only promissory estoppel. The relief the majority has delivered to
Greer is exactly the same Greer would have recovered if it had proven a breach of contract. But
Greer dismissed that claim. Why should it be allowed the same relief under an equitable remedy
that it chose not to seek as a legal remedy? For the reasons expressed herein, 

I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion issued and filed December 11, 2002
Publish