IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00013-CR

 

Bobbie Lee Sanders,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-1263-C

 



MEMORANDUM 
Opinion



 

Appellant Bobbie Lee Sanders was
indicted on counts one, two, and three of aggravated sexual assault, and on
count four of sexual assault.  Tex. Pen. Code Ann. §§ 22.011, 22.021 (Vernon Supp. 2004-05). 
A jury convicted him on counts one, three, and four; the jury convicted
him of the lesser-included offense of indecency with a child on count two.  Id. § 22.11(a)(2), (d) (Vernon 2003).  The jury assessed punishment at sixty years
in prison on counts one and three, ten years on count two, and twenty years on
count four.  The State filed a motion to
cumulate sentences.  The judge granted
the motion, pronounced sentence, and rendered judgment: concurrent terms of
sixty, ten, and sixty years on counts one, two, and three, respectively, and
twenty years on count four to run consecutively.  Appellant’s counsel filed an Anders brief.  See
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  We will affirm.

Counsel, in his brief, considers
issues in areas relevant to an appeal of a jury trial: (1) indictment; (2)
pre-trial motions; (3) voir dire; (4) opening statements and closing arguments;
(5) sufficiency of the evidence; (6) objections to evidence and the court’s
rulings; (7) jury charges; (8) verdicts; (9) juror conduct; (10) sentence and
judgment; (11) post-trial motions; and (12) effectiveness of trial
counsel.  See Sowels v. State, 45 S.W.3d 690, 691 (Tex. App.—Waco 2001, no pet.).  Counsel’s brief contains references to both
the record and applicable statutes, rules, and cases and discusses why counsel
concludes that the record does not present any arguable issues.  See
id.  

We have conducted an independent
review of the record to discover whether there are arguable grounds for
appeal.  See Stafford v.
State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  We determine there
are none.  The indictment invoked the district court’s jurisdiction, and
punishment was assessed within the range of punishment for the offenses.

Accordingly, we affirm the judgment.
 Counsel must advise Sanders of our decision and of 
his right to file a petition for discretionary review.  See Sowels v. State, 45 S.W.3d 690, 694
(Tex. App.—Waco 2001, no pet.).

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed January
 5, 2005

Do not publish 

[CRPM]






75pt;margin-bottom:
0in;margin-left:47.5pt;margin-bottom:.0001pt;text-align:justify;text-indent:
-23.75pt'>8.       In the March 9th,
2006 issue of the Bryan-College Station Eagle, Judge Langley is quoted in an
interview as saying he expects more negative campaigning from his opponent (Mr.
Barron) and said, regarding the alleged negative advertising, “unfortunately, I
think it is going to continue,” . . . “the only question is how much
money are they going to throw at this?”

(1 C.R. at 15-17 (ellipsis in ¶ 8 in orig.); see
id. at 21); Tex. Code Jud. Conduct,
Canon 2, reprinted in Tex. Gov’t
Code Ann., tit. 2, subtit. G app. B (Vernon 2005 & Supp. 2008).