IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00242-CR

 

David Wayne Evans,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 9th District Court

Montgomery County, Texas

Trial Court # 02-08-05575
CR

 



Memorandum opinion



 








Evans was indicted for three counts of
aggravated sexual assault of a child and one count of indecency with a
child.  He pled guilty to one count of
aggravated assault and was placed on community supervision for a period of ten
years.  The State filed a motion to
adjudicate guilt and revoke community supervision.  A hearing was held on the motion, and Evans
pled true to the alleged violations.  The
trial court found the violations were true, adjudicated Evans guilty, and
sentenced him to thirty-five years’ imprisonment.  Evans’s counsel filed an Anders brief.  See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976).  We will affirm.

          The
brief thoroughly reviews the indictment and statute under which Evans was
charged, Evans’s plea, the judgment, the punishment assessed, and the
effectiveness of trial counsel.  In the
brief, counsel states that he has read and evaluated the entire record and “has
concluded that there is no error that would justify reversal or a new trial in
this case.”  See id. at 744.  Evans was notified
that he had the right to respond to counsel’s motion and brief.  See
Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.—Waco 2001, no pet.).

          We
have conducted an independent review of the record to discover whether there
are arguable grounds for appeal.  See Stafford v.
State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  We determine
there are none.  The indictment invoked
the district court’s jurisdiction, and the court assessed punishment within the
range of punishment for the offense.

          Accordingly,
we affirm the judgment.  Counsel must
advise Evans of our decision and of his right to file a petition for
discretionary review.  See Sowels, 45 S.W.3d at 694.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed April 27, 2005

Do not publish

[CRPM]






ont-size: 12pt">      Severity of Punishment
      The range of punishment for a felony indecency by exposure offense is two to ten years in
prison and a fine not to exceed $10,000. See Tex. Pen. Code Ann. §§ 12.34(a) &(b) and 21.11
(Vernon 1994 & Supp. 2001). The jury sentenced Slaughter to the maximum punishment for the
offense. This alone is not dispositive of prejudicial effect. See Waldo, 746 S.W.2d at 757. 
During punishment, the State introduced Slaughter’s military conviction for several counts of
sodomy and indecent acts. Slaughter had been released from prison on that conviction only one
year prior to the offense against Davis. Thus, the jury could have concluded from this evidence
that Slaughter deserved the maximum punishment.
Summary of Considerations
      In weighing the above factors, the State’s question regarding whether Lakeisha’s baby was
fathered by Slaughter did not create any obvious prejudice toward Slaughter. The prejudicial
effect was removed by an effective instruction to disregard. Thus, the trial court did not err in
denying Slaughter’s motion for mistrial. Slaughter’s sole issue is overruled.
Conclusion
      Having overruled Slaughter’s only issue on appeal, we affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 10, 2001
Do not publish
[CR25]