

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00061-CR

_____

DONALD WAYNE LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 24655-A; Honorable Dan L. Schaap, Presiding

March 13, 2015

## ORDER ON MOTION TO SUBSTITUTE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On February 13, 2015, Adam Tisdell, court-appointed counsel for Appellant, Donald Wayne Lewis, filed a notice of appeal from Appellant's conviction for burglary of a habitation, enhanced. Pending before this Court is a *Motion to Substitute Counsel for Appeal* filed March 10, 2015. By the motion, Tina Davis Rincones represents she has been retained by Appellant and requests permission for Tisdell to withdraw. The motion, however, is not signed by either Appellant or Tisdell. On March 11, 2015,

Rincones filed a similar *Motion to Substitute Counsel for Appeal* in the trial court, which was granted. We likewise grant the motion pending in this Court with these comments.

An attorney whose signature appears on a notice of appeal is considered to be lead counsel before this Court, unless otherwise provided. *See* TEX. R. APP. P. 6.1(a). Therefore, as to this Court, Tisdell became Appellant's lead counsel when he filed the notice of appeal. An attorney wishing to withdraw from representation of a party is required to file a motion to withdraw. *See* TEX. R. APP. P. 6.5. The purpose of Rule 6.5 is to insure that a party not be unwittingly left unrepresented before an appellate court.

When new counsel is being substituted, Rule 6.5(d) governs the procedure for withdrawal of the previous counsel. The Rule contemplates that the attorney of record file a motion in this Court seeking to withdraw before substitution of new counsel may be permitted. The Rule provides that, if a new attorney is substituting for the withdrawing attorney, the *motion to withdraw* must state "the substitute attorney's name, mailing address, telephone number, fax number, if any, and State of Texas identification number. The withdrawing attorney must then accomplish notice to Appellant in the manner described by Rule 6.5(b).

By the motion filed in this Court, Rincones seeks to be substituted for Tisdell as Appellant's attorney of record; however, there is no indication in the motion that Tisdell approves or agrees with the substitution or moves to withdraw. Accordingly, the motion to substitute is deficient. However, because the trial court has now granted an order allowing Tisdell to withdraw and has substituted Rincones as Appellant's attorney of record in the trial court, we apply Rule 2 of the Texas Rules of Appellate Procedure to

suspend the requirement that Tisdell move to withdraw and we grant Appellant's motion to substitute Rincones for Tisdell as the attorney of record in this appeal.[1]

It is so ordered.

Per Curiam

Do not publish.

---

[1] *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006) (expressly overruling *Sowels v. State*, 45 S.W.3d 690 (Tex. App.—Waco 2011, no pet.)), in so far as it held that a motion to withdraw filed by appellate counsel should be filed in the trial court).