

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00282-CR

**LAWRENCE VASQUEZ,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-589-C1

## REINSTATEMENT AND *ANDERS*
## COMPLIANCE ORDER

This appeal was abated because no appellant's brief had been filed. Prior to a hearing, the appellant's brief was filed. This appeal is reinstated.

The brief filed by appellant was an *Anders* brief. Although counsel included a statement in his brief that "[a] copy of this brief, along with notification of appellant's right to submit a brief on his own behalf is being forwarded to appellant," the Court is unable to determine if counsel has fulfilled *each* of the four educational burdens required

when filing a motion to withdraw and accompanying *Anders* brief. *Meza v. State*, 206 S.W.3d 684, 689 n. 23 (Tex. Crim. App. 2006).

As explained in *Sowels v. State*, 45 S.W.3d 690, 694 (Tex. App. —Waco 2001, no pet.), *overruled in part on other grounds*, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), so that the Court may comply with *its* duties, the record must be sufficient to support a determination that:

1. counsel has provided appellant with a copy of the motion to withdraw and the brief in support of the motion;

2. counsel has informed appellant of the right to file a response to the motion to withdraw;

3. counsel has informed appellant of the right to review the record in making the response; and

4. counsel has informed appellant of the right to file a petition for discretionary review.

*Meza*, 206 S.W.3d at 689 n. 23. These educational burdens may be accomplished by providing the Court with a copy of the actual communication of this information to appellant (while avoiding disclosure of privileged information) or a separate certification. *See Sowels*, 45 S.W.3d at 693- 694.

In this proceeding, counsel elected to make a statement in his brief which only addresses educational burdens 1, in part, and 2. Thus, counsel's duty to comply fully with educational burden 1 and educational burdens 3 and 4 remains unsatisfied. We cannot commence the running of time for appellant to file a response until appellant has

been provided with a copy of the motion to withdraw and advised of the right to review the record and how to obtain it. *See Stanley v. State*, 523 S.W.3d 122 (Tex. App.—Waco 2015, order).

Accordingly, within 14 days from the date of this letter, counsel is ORDERED to provide the Court with confirmation, either by copy of the communication or a certification, that counsel has complied completely with counsel's educational burdens. The failure to timely provide the Court with confirmation will result in the abatement of this appeal to the trial court to determine whether appellant is receiving effective assistance of counsel.

PER CURIAM

Before Chief Justice Gray, and
  Justice Davis
Reinstated and compliance ordered
Order issued and filed January 23, 2019

