Opinion issued April 7, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00810-CV




VALENTINA POLANCO, Appellant

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee




On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 2003-0522OJ




MEMORANDUM OPINION

          Appellant, Valentina Polanco, appeals the trial court’s order terminating her
parental rights to her daughter, T.P. Polanco’s court-appointed appellate counsel has
filed an Anders


 brief, in which he concludes that, after his evaluation of the entire
record, there are no grounds that can arguably support any appeal. We grant
counsel’s motion to withdraw and affirm the judgment of the trial court.
          The Department of Family and Protective Services (“DFPS”) brought suit to
terminate Polanco’s parental rights. Following a bench trial, the trial court signed a
decree terminating Polanco’s parental rights to T.P. The decree recited that
termination of Polanco’s parental rights was in T.P.’s best interests and that Polanco
had “engaged in conduct or knowingly placed [T.P.] with persons who engaged in
conduct which endanger[ed] the physical or emotional well-being of [T.P.] . . . .” See
Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon 2002).
          Anders applies to termination-of-parental-rights cases. See In re K.D., 127
S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); accord In re D.E.S.,
135 S.W.3d 326, 327 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We have
reviewed counsel’s brief and hold that counsel has met the briefing requirements set
forth in Anders: the brief sets forth a professional evaluation of the record and states
why there are no arguable issues to assert on appeal. See Anders, 386 U.S. at 744, 87
S. Ct. at 1400. Counsel explains, for example, why he concludes that legally and 
factually sufficient evidence supported the termination, which requires at least one
basis for termination enumerated in Family Code section 161.001(1) and evidence
that termination was in T.P.’s best interest. See Tex. Fam. Code Ann. § 161.001(1),
(2) (Vernon 2002). We have reviewed the entire record and concur with counsel’s
evaluation concerning the sufficiency of the evidence.



          Furthermore, counsel’s motion to withdraw recites that counsel has delivered
a copy of the motion and supporting brief to Polanco and informed her of the right to
file her own pro se response and to review the appellate record. See Sowels v. State,
45 S.W.3d 690, 693 (Tex. App.—Waco 2001, no pet.). To date, Polanco has not filed
a response. We have also discharged our responsibility, upon the filing of an Anders
brief, to search the record for possible reversible error, but have found none. For
example, trial counsel appears to have represented Polanco vigorously;


 no clearly
harmful, erroneous evidentiary rulings are evident; DFPS’s pleadings support the
judgment; and no fundamental error is evident. Accordingly, we affirm the trial
court’s judgment.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform Polanco of the result of this appeal and also to
inform Polanco that she may, on her own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).


                                                             


                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.