IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00309-CR

 

Roger Pharris,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd
District Court

Brazos County, Texas

Trial Court No. 05-00767-CRF-272

 



MEMORANDUM  Opinion



 








            On a plea of guilty in
open court, a jury convicted appellant Roger Pharris of the aggravated sexual
assault of a child younger than seventeen, a second-degree felony, and then
assessed a fifteen-year prison sentence.  Pharris’s counsel on appeal has filed
an Anders brief and a motion to withdraw as counsel.  See Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Counsel,
in his brief, considers issues in areas relevant to an appeal of a conviction
of aggravated sexual assault:  (1) the indictment; (2) the guilty plea and the
sufficiency of the evidence; (3) pretrial motions; (4) objections to evidence;
(5) closing argument; and (6) the punishment phase, including the jury’s
punishment decision.[1] 
See Sowels v. State, 45 S.W.3d 690, 691 (Tex. App.—Waco 2001, no pet.), overruled
on other grounds by Meza v. State, ---S.W.3d ---, ---, 2006 WL 2686519, at
*3 (Tex. Crim. App. Sept. 20, 2006).  Counsel’s brief contains references
to both the record and applicable statutes, rules, and cases and discusses why
counsel concludes that the record does not present any arguable issues.

We have conducted an independent review
of the record to determine whether there are arguable grounds for appeal. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
We determine there are none.  Accordingly, we affirm the judgment.

Counsel must advise Pharris of our
decision and of his right to file a pro se petition for discretionary
review.  See Sowels, 45 S.W.3d at 694; see also Meza v. State,
---S.W.3d ---, --- n.23, 2006 WL 2686519, at *3 n.23 (Tex. Crim. App. Sept. 20,
2006);
Ex parte Owens, --- S.W.3d ---, ---, 2006
WL 2619989, at *1 (Tex. Crim. App. Sept. 13, 2006).  We grant counsel’s motion to withdraw, effective upon counsel’s
advising Pharris of our decision and of his right to file a pro se petition for
discretionary review.  See Meza, ---S.W.3d at ---, 2006 WL
2686519, at *3.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result without a separate opinion.)

Affirmed;
motion to withdraw granted

Opinion
delivered and filed October 4, 2006

Do not publish


[CR25]









    [1]           Pharris
has filed a pro se brief and claims that his trial counsel was ineffective in
several respects.  Without addressing the merits of this claim, we find that it
does not present any arguable grounds for appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); see also Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002) (“[g]enerally the record on direct appeal will not be sufficient to show
that counsel’s representation was so deficient as to meet the first part of the
Strickland standard.  The reasonableness of counsel’s choices often
involves facts that do not appear in the appellate record.  A petition for writ
of habeas corpus usually is the appropriate vehicle to investigate
ineffective-assistance claims.”).








tify;line-height:200%'>          

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Reformed
and affirmed

Opinion
delivered and filed August 10, 1005

[CV06]