IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00049-CR

 

Rolando Ibarra,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. FDWI-03-16960

 



Opinion










 

          We withdraw the memorandum opinion and
judgment issued in this appeal on August 30, 2006 and substitute this opinion
in its place.  

Rolando Ibarra was convicted of the felony
offense of driving while intoxicated and was placed on community supervision. 
The trial court revoked his community supervision and sentenced him to 8 years
in prison.  Ibarra appeals.  Ibarra's counsel filed an Anders brief.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493
(1967).  We affirm.

          In the brief, counsel asserts that she
reviewed the complete reporter’s and clerk’s records in search of potentially
meritorious grounds of error on appeal.  Counsel concludes that the appeal is
frivolous.  Although counsel informed Ibarra of the right to file a brief,
Ibarra did not file a brief.  The State did not file a response.

          We must, "after a full
examination of all the proceedings, . . . decide whether the case is wholly
frivolous."  Anders, 386 U.S. at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado
v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd).  An appeal is
"wholly frivolous" or "without merit" when it "lacks
any basis in law or fact."  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they
"cannot conceivably persuade the court."  Id. at 436.  An
appeal is not wholly frivolous when it is based on "arguable
grounds."  Stafford, 813 S.W.2d at 511.

          We determine that the appeal is wholly
frivolous.  Accordingly, we affirm.  

          Ibarra may request the Court of
Criminal Appeals to review this decision by filing a petition for discretionary
review with this Court within 30 days after the date of this opinion.  Tex. R. App. P. 68.2(a).

          In accordance with this Court’s
opinion in Sowels v. State, 45 S.W.3d 690 (Tex. App.—Waco 2001, no pet.),
overruled in part by, Meza v. State, No. PD-1181-05, 2006 Tex.
Crim. App. LEXIS 1822, *14 (Tex. Crim. App. Sept. 20, 2006), appellate counsel
moved the trial court to allow counsel to withdraw from the representation of
Ibarra on appeal.  The motion to withdraw was granted.  On this issue, Sowels
was based on our decision in Enriquez v. State, wherein we held that
only the appointing court has the authority to allow appointed counsel to
withdraw from representing an indigent party.  Id. at 692; Enriquez
v. State, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, no pet.).  Upon further
review of our decision in Sowels, we determined that an Anders
brief on appeal with an accompanying motion to withdraw is an exception to the
rule announced in Enriquez, and that an appellate court could, under
those circumstances, allow counsel to withdraw from representation of the
defendant.  Pippillion v. State, 186 S.W.3d 694 (Tex. App.—Waco 2006,
order); see also Bledsoe v. State, 178 S.W.3d 824 (Tex. Crim.
App. 2005).  Recently, relying on Ex parte Wilson, the Court of
Criminal appeals granted an out of time petition for discretionary review and reiterated
that appellate counsel, even though discharged from further duties to the
defendant after the filing of an Anders brief must, nevertheless, inform
the defendant of the opportunity to file a petition for discretionary review.  Ex
Parte Owens, No. AP-74,996, 2006 Tex. Crim. App. LEXIS 1691 (Tex. Crim. App.  Sept. 13, 2006); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997); see
Tex. R. App. P. 68.2(a). 
Accordingly, we remind counsel of the duty to inform Ibarra of his right to
file a petition for discretionary review even though she has been allowed to
withdraw as counsel.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed

Opinion
and judgment issued August 30, 2006 withdrawn

Opinion
delivered and filed October 11, 2006

Publish


[CR25]






.5in;line-height:200%'>Let us examine the issue from a different
perspective, literally.  Should the result in this appeal be different if the
struggle occurred on the porch or in the yard rather than in the hall?  I think
not.  But under the majority’s analysis, if they struggled on the porch or in
the yard, then the conviction stands; but if the same struggle occurs in the
hall, it does not?  That seems terribly illogical.  

Let us examine the issue from yet another
perspective, literally.  The perspective is from that of the house.  Oh, if
only walls could talk.  If the house could tell us how it felt about it I have
no doubt that it would say, “Let us not forget that the bullet came to rest in
my wall.”  There is no indication that it came to rest there as a result of a
ricochet.  Because bullets tend to leave the gun from which they were fired in
a straight line, the location of where the bullet stopped is all but conclusive
evidence that the gun was pointed “at” the wall, a part of the house, when it
was discharged.  So from the perspective of the habitation:  “Not only did Reed
shoot at me, he hit me!”

Based upon the foregoing, I conclude that the
jury was well within the bounds of being rational when it determined, based
upon the evidence, that Reed discharged “a firearm at or in the direction of a
habitation.”  From the jury’s perspective, Reed could hardly have missed.

I dissent.

 

                                                          TOM GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed December 20, 2006

Publish