

IN THE
TENTH COURT OF APPEALS

No. 10-14-00320-CR

CAROL JEAN STANLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-1589-C1

# ORDER

Appellant, Carol Jean Stanley, was convicted of two counts of possession of a controlled substance and sentenced to 18 months in a state jail facility. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The sentence was suspended, and appellant was placed on community supervision for three years. Ten months later, appellant pled true to several violations noted in the State's motion to revoke appellant's community supervision. Appellant's community supervision was revoked for each conviction, and appellant was sentenced to 18 months in a state jail facility.

Counsel for appellant filed an *Anders*[1] brief. In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, counsel prepared and sent to appellant an Appellant's Motion for Access to Appellate Record. *See Kelly v. State*, 436 S.W.3d 313, 315 & 320 (Tex. Crim. App. 2014). Appellant signed the motion for access and sent it to this Court.[2] It was filed on January 2, 2015.

Prior to the Court of Criminal Appeals' opinion in *Kelly*, in the extremely few instances where the appellant requested access to the record to prepare a response to counsel's motion to withdraw and *Anders* brief, the Court would notify the defendant that the record was available from the trial court clerk and provide the trial court clerk's address. If the trial court clerk failed or refused to provide the record upon request by the defendant, we would then order the clerk to provide the record as requested. *See e.g.* B*rown v. State*, 10-08-00180-CR, letter order of March 24, 2009.[3] Because the *Anders* procedures were modified by the Court of Criminal Appeals in *Kelly*, and in

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

[2] We note that motions using the instructions prescribed in *Kelly*, which are prepared by counsel and filed by an appellant, are inherently deficient because they do not contain proof of service nor is a copy filed with the court as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.3(a)(1). *See Kelly*, 436 S.W.3d at 320 ("…counsel should include in his letter to the appellant a form motion for this purpose, lacking only the appellant's signature and the date, and inform the appellant that, in order to effectuate his right to review the appellate record pro se, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel.").

[3] Subsequent to the trial court clerk providing the record to the defendant in *Brown*, the State had to request an extension of time in which to file its response because Brown had failed and refused to return the record to the trial court clerk. Brown subsequently filed a motion for a free record, presumably for purposes other than filing his response to counsel's *Anders* brief, as that response had already been filed.

anticipation that more appellants would be seeking access to the record, this Court reevaluated its *Anders* procedures, both the methods and responsibility, which allows an appellant to obtain access to the record. *See Kelly*, 436 S.W.3d at 318. ("[W]e believe that the courts of appeals also have an on-going responsibility, once an appellant manifests his desire for pro se record access, to officially guide the process and follow through to make sure that such access is granted before they rule on the validity of appointed counsel's *Anders* brief and motion to withdraw.").

The first issue that was resolved upon the reevaluation of our procedures was that when the appellant filed a motion seeking access to the record, we would order counsel to provide the record to the appellant. We recognized that to perform the duty required by *Anders*, counsel would have had to review the entire record. Thus, it was logical to require counsel, who at that time still represents the appellant, to provide the appellant access to the record. *Hall v. State*, No. 10-14-00205-CR (Tex. App.—Waco Dec. 18, 2014, order) (not designated for publication).

This requirement is entirely consistent with the Court's opinion in *Kelly*.

> [T]he Sixth Court has adopted a policy that appellate counsel "has the responsibility to procure a copy of the record for appellant to review in preparation of the pro se response to the Anders brief… We agree with the Sixth Court that appellate counsel has a continuing responsibility to his client, extending beyond the filing of a motion to withdraw and Anders brief, to facilitate the appellant's access to the appellate record should the appellant so desire.

*Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014).

In placing this burden on appointed counsel, we were intentionally nonspecific in the source and form of the record that was to be provided to the appellant. Counsel could prepare and provide a duplicate copy or simply provide the copy obtained from the trial court clerk pursuant to Texas Rule of Appellate Procedure 34.5(g) (clerk's record) and 34.6(b) (reporter's record). The purpose was to allow counsel discretion as to the most efficient method of providing a complete record to the appellant.

In deciding *Hall*, we left open the question of where we would place the burden in the event counsel notified the Court that counsel was no longer in possession of a copy of the record. Today, we must decide that issue.

Appellant's Motion for Access to Appellate Record was granted on February 5, 2015. Based on our precedent in *Hall*, counsel was ordered to forward the copy of the record used to conduct the review for the *Anders* brief to appellant and to simultaneously notify this Court and the District Clerk when counsel had completed this task. But, if counsel no longer possessed a copy of the record, counsel was required to notify this Court within 7 days from the date of the Order; in which event, further orders addressing appellant's access to the record would be made.

Counsel has notified this Court that counsel no longer possesses a copy of the record.

Accordingly, we now specify the procedure to be followed to provide an appellant with access to the appellate record, even if counsel no longer possesses the copy of the record used in counsel's review for the *Anders* brief.

Counsel is ORDERED to obtain and send appellant, within 21 days from the date of this order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task. Counsel must also notify appellant and this Court if the record made available to appellant must be returned to the trial court clerk.

By placing the burden on appointed counsel, we again rely upon the fact that counsel is appointed to represent the appellant, is still representing the appellant at this stage of the proceeding, and is in the best position to obtain and provide a copy of the record for the appellant's use. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) ("Appointed counsel's duties of representation, therefore, do not cease simply because he has submitted a motion to withdraw, along with supporting Anders brief, in the court of appeals. Until such time as the court of appeals relieves him of this professional obligation, appellate counsel must continue to 'act with competence, commitment and dedication to the interest of the client and with zeal in advocacy upon the client's behalf.'"). The appellant, who is most often in prison at this point in time, is at a disadvantage in making requests to obtain the record from the trial court clerk. The trial court clerk knows there is appointed counsel and could be understandably

reluctant to respond to a request for a copy of the record from an inmate. *See* TEX. R. JUD. ADMIN. 12.4 (a)(4). *See also Kelly*, 436 S.W.3d at 320 n. 21 ("the trial court is unlikely to be aware of the progress of the appeal, appointed counsel's motion to withdraw with attendant *Anders* brief, or the fact that the appellant's pro se right to review the appellate record has been triggered. The trial court, perhaps assuming that a pro se motion for access to the appellate record is, at best, nothing more than an impermissible attempt at hybrid representation on appeal, may well choose to simply ignore it.").

Further, it may be necessary for counsel to explain to the appellant why certain parts of the record are not available to an appellant due to the nature of the testimony or exhibits. Finally, it is counsel, and not the district court clerk, that is in the best position to work with the wardens, guards, and prison librarians to facilitate an inmate's access to the record for review in preparation of a response.[4]

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.10. If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to

---

[4] In light of this announced procedure, counsel that files an *Anders* brief may elect to retain the record used in counsel's review until it can be determined whether the appellant will seek a copy of the record to review in preparation of the appellant's *pro se* response. Moreover, given the brevity of most records in *Anders* appeals, counsel may find it most efficient to provide the appellant a copy of the record at the time counsel provides a copy of the motion to withdraw and brief in support. This may be especially easy in cases wherein the record, even the rare large record in *Anders* appeals, can be reduced to a compact disc that can be very inexpensive to duplicate and mail.

withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 45 days from the date counsel sends notice to the Court that the record has been forwarded to appellant, unless the due date is extended by order of this Court upon proper and timely motion by appellant. If counsel notified appellant and this Court that the record being provided to appellant was obtained from the trial court clerk and must be returned thereto, appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, appellant is ORDERED to send the record to this Court within 60 days of the date the attorney sends notice to the Court that the record was forwarded to the appellant, unless the due date is extended by order of this Court upon proper and timely motion by appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, if herein required, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but

instead was obtained for the purposes of delay. *See e.g. Ealy v. State*, 222 S.W.3d 744, 745

(Tex. App.—Waco 2007, no pet.).

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Davis dissenting)
Order issued and filed May 7, 2015
Publish

