

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00114-CR
### No. 10-15-00115-CR

**LARRY ELLIS CARRELL,**

                                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                          **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court Nos. 32,883 and 33,105

# O R D E R

Counsel for Appellant has filed a motion to withdraw and an *Anders* brief in each of these appeals.  Counsel also prepared and sent to Appellant a Motion for Pro Se Access to the Appellate Record.  *See Kelly v. State*, 436 S.W.3d 313, 315, 320 (Tex. Crim. App. 2014). We filed the motion on August 18, 2015.[1]

---

[1] The motion lacks proof of service; a copy of all documents presented to this Court must be served on all parties and must contain proof of service.  TEX. R. APP. P. 9.5.  To expedite this matter, we invoke Rule 2 to suspend this requirement.  *Id.* R. 2.

Appellant's Motion for Pro Se Access to the Appellate Record is granted. In accordance with *Stanley v. State*, ___ S.W.3d ___, 2015 WL 2169874 (Tex. App.—Waco May 7, 2015, order), counsel is ORDERED to obtain and send Appellant, within 14 days from the date of this order, copies of the clerk's and reporter's records and **to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task.** In the event that the record made available to Appellant must be returned to the trial court clerk, **counsel must notify Appellant and this Court of that fact**.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.10. If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motions to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 30 days from the date counsel sends notice to the Court that the record has been forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant. If counsel notifies Appellant and this Court that the record being provided to Appellant was obtained from the trial court clerk and must be returned to the trial court clerk, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with Appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to the Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, if required by this Order, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Order issued and filed October 8, 2015
Do not publish

