

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00124-CR

**JUSTIN GLENN REYNOLDS,**

                                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                **Appellee**

**From the County Court at Law
Navarro County, Texas
Trial Court No. C35736-CR**

## O R D E R

A jury convicted Appellant Justin Reynolds of the offenses of possession of a

controlled substance.  The trial court assessed punishment at 25 years confinement.

Counsel for Appellant filed a motion to withdraw and *Anders*[1] brief in this appeal.

Counsel did not send Appellant a Motion for Pro Se Access to the Appellate Record in

accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*.  *See Kelly v. State*,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

436 S.W.3d 313, 315, 320 (Tex. Crim. App. 2014). Counsel's letter to Appellant states in one paragraph that she sent copies of the Clerk's and Reporter's records to Appellant. However, in a later paragraph, she instructs Appellant that he may request a free copy of the record from the district clerk and provides the address of the district clerk's office. This Court received a letter from Appellant stating that he did not receive a copy of the record from counsel. In the letter, Appellant seeks access to the record.

In accordance with *Stanley v. State*, ___ S.W.3d ___, 2015 WL 2169874 (Tex. App.—Waco May 7, 2015, order) (per curiam), counsel is ORDERED to obtain and send Appellant, within 14 days from the date of this order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task. In the event that the record made available to Appellant must be returned to the trial court clerk, counsel must notify Appellant and this Court of that fact.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.10. If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief[2] within 30 days from the date counsel sends notice to the Court that the record has been forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant. If counsel notifies Appellant and this Court that the record being provided to Appellant was obtained from the trial court clerk and must be returned thereto, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with Appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to the Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, if herein required, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay.

---

[2] Appellant states in the motion that he is asserting his right to file a pro se appeal. We construe this to mean that he desires to file a pro se response to counsel's *Anders* brief.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Order issued and filed December 3, 2015
Do not publish

