

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00006-CR

---

MARY JANE HOOVER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 15-22714

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Mary Jane Hoover appeals the judgment of the trial court in Coryell County[1] revoking her community supervision on the underlying charge of driving while intoxicated (DWI), third or more, a third degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2016). The revocation is supported by Hoover's plea of "true" to each of three alleged violations of her community supervision, each a criminal violation.[2] The trial court sentenced Hoover to four years' confinement, but assessed no fine or court costs.

Hoover's appellate counsel has filed a brief that discusses the record and reviews the trial proceedings in detail. After counsel's professional evaluation of the record, he has concluded that there are no arguable grounds to be advanced on appeal. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). After conducting our own review of the record, we find that there are no meritorious grounds for appeal, and we affirm the trial court's judgment.

Counsel mailed a copy of the brief to Hoover on or about June 23, 2017, informing Hoover of her right to file a pro se response, her right to review the record of the trial proceedings in doing

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The motion to revoke alleged that Hoover committed these criminal offenses on or about March 13, 2016, in Bell County, Texas: (1) evading arrest or detention with a vehicle, (2) resisting arrest, and (3) DWI, subsequent. Hoover admitted having committed each of them.

so,[3] and her right to petition the Texas Court of Criminal Appeals for review should this Court affirm the trial court's judgment. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Further, counsel advised Hoover that she had forty-five days in which to file a pro se brief, if she desired to do so. *See Stanley v. State*, No. 10-14-00320-CR, 2015 WL 2169874, at *3 (Tex. App.—Waco May 7, 2015, order) (per curiam). In excess of sixty days has elapsed since counsel's notice, and no pro se brief has been filed by Hoover, a more than adequate period of time. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). Hoover has not filed a pro se brief or response to counsel's brief and has not requested any extension of the deadline for doing so.

Our review of the record reveals an orderly and appropriate proceeding. Hoover's trial counsel was effective and attentive. Hoover entered an open plea of true to the three alleged violations of her community supervision. The State's plea packet was admitted into evidence without objection. The trial court ordered a presentence investigation (PSI) report at Hoover's request. The trial court sentenced Hoover to four years' confinement, without fine or costs assessed against her, punishment that is both within the authorized range of punishment and less than Hoover's sentence that was suspended for the underlying offense. *See* TEX. PENAL CODE ANN. § 12.34 (West 2011) (third degree felony: between two and ten years, inclusive).

At the end of the punishment phase of the revocation, Hoover's attorney stated to the trial court, "Since the issue on appeal would be my pretrial writ that I filed, I [would] feel better if other

---

[3]Counsel mailed Hoover the record on or before June 23, 2017.

counsel were to take that up." Counsel's motion to withdraw from representing Hoover states, in part, "The appeal, presumably, will be based on the denial of a pre-trial writ filed on [Hoover's] behalf under Art. 11.072 Tex. C. C. P." Nothing about that pre-trial request is cognizable by this Court at this time, because, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001).

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[4]


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 1, 2017
Date Decided:       September 15, 2017

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

4