

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00264-CR

CYNTHIA STALEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. 23,333

# ORDER

Appellant Cynthia Ann Staley pleaded guilty pursuant to a plea agreement to possession with intent to deliver a controlled substance in the amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017). The trial court deferred an adjudication of guilt and placed Staley on community supervision for five years. The State later moved to proceed to an adjudication of guilt. The motion alleged that Staley violated a condition of her community supervision because she admitted to her community supervision officer that she had used

methamphetamine. Staley pled "true" to the allegation. The trial court thereafter adjudicated Staley guilty and sentenced her to seven years' imprisonment. This appeal ensued.

Staley's court-appointed counsel has filed a motion to withdraw and *Anders*[1] brief with this Court. In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel also prepared and sent to Staley a Pro Se Motion for Access to Appellate Record, lacking only Staley's signature and the date, and provided Staley the mailing address for this Court. *See id.* at 315, 320.

We have not received the Pro Se Motion for Access to Appellate Record from Staley. Instead, we have received a letter from Staley in which she requests appointment of another attorney. Staley claims that her current counsel has not responded to her letters, and she indicates that she has sought a copy of the appellate record from her current counsel but that she has been unable to obtain it.

Staley's *pro se* request for another attorney is denied without prejudice. In this situation, the trial court retains the sole authority to relieve Staley's current counsel of his duties and to replace him with other counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2017); *Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order) (per curiam); *cf. Meza v. State,* 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). Furthermore, a defendant does not have the right to her choice of appointed counsel, and

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

unless she waives her right to counsel and chooses to represent herself, or shows adequate reason for appointment of new counsel, she must accept the counsel appointed by the court. *Rodriguez v. State*, 491 S.W.3d 18, 33 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

Counsel is nevertheless ORDERED to resend Staley, within 14 days from the date of this Order, the documentation (1) notifying her of the motion to withdraw and the accompanying *Anders* brief, and providing her a copy of each, (2) informing her of her right to file a *pro se* response and of her right to review the record preparatory to filing that response, and (3) informing her of her *pro se* right to seek discretionary review should the court of appeals declare her appeal frivolous. *See Kelly*, 436 S.W.3d at 319. Counsel is further ORDERED to simultaneously notify this Court and the State when he has completed this task.

In accordance with *Stanley v. State*, 523 S.W.3d 122 (Tex. App.—Waco 2015, order) (per curiam), counsel is also ORDERED to obtain and send Staley, within 14 days from the date of this Order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when he has completed this task. In the event that the record made available to Staley must be returned to the trial court clerk, counsel must notify Staley and this Court of that fact.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* Tex. R. App. P. 9.10. If counsel identified any such information while conducting the review of the

record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Staley.

Staley is ORDERED to file her *pro se* response to counsel's *Anders* brief within 30 days from the date counsel sends notice to this Court that the record has been forwarded to her, unless the due date is extended by order of this Court upon proper and timely motion by Staley. If counsel notifies Staley and this Court that the record being provided to Staley was obtained from the trial court clerk and must be returned thereto, Staley is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Staley is ORDERED to send the record to this Court with her response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Staley is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to Staley, unless the due date is extended by order of this Court upon proper and timely motion by Staley.

The submission of this cause is set aside. The parties will be advised when it is again submitted for decision.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed March 21, 2018
Do not publish

