

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00317-CR

**CHAZ ANTHONY PHILLIP JONES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F50789

## O R D E R

Counsel for appellant filed an *Anders* brief.[1]  In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, counsel prepared and sent to appellant a Motion for Pro Se Access to the Appellate Record.  *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014).  Appellant, Chaz Anthony Phillip Jones, has signed the motion for access and sent it to this Court.  It was filed on June 8, 2018.  Appellant's Motion for

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Pro Se Access to the Appellate Record is granted and will be implemented as provided for herein.

The procedure to be followed to provide an appellant with access to the appellate record is the procedure announced in *Stanley v. State*, 523 S.W.3d 122 (Tex. App.—Waco 2015, order).

Accordingly, counsel is ORDERED to obtain and send appellant, within 21 days from the date of this order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task.[2]  Counsel must also notify appellant and this Court if the record made available to appellant must be returned to the trial court clerk.  Further, it may be necessary for counsel to explain to appellant why certain parts of the record are not available to an appellant due to the nature of the testimony or exhibits.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record.  *See* TEX. R. APP. P. 9.10.  If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 45 days from the date counsel sends notice to the Court that the record has been

---

[2] Counsel may prepare and provide a duplicate copy or simply provide the copy obtained from the trial court clerk pursuant to Texas Rule of Appellate Procedure 34.5(g) (clerk's record) and 34.6(b) (reporter's record) to appellant.  *See Stanley v. State*, 523 S.W.3d 122, 124 (Tex. App.—Waco 2015, order).

forwarded to appellant, unless the due date is extended by order of this Court upon proper and timely motion by appellant. If counsel notified appellant and this Court that the record being provided to appellant was obtained from the trial court clerk and must be returned thereto, appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, appellant is ORDERED to send the record to this Court with appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, appellant is ORDERED to send the record to this Court within 60 days of the date the attorney sends notice to the Court that the record was forwarded to appellant, unless the due date is extended by order of this Court upon proper and timely motion by appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay. *See e.g. Ealy v. State*, 222 S.W.3d 744, 745 (Tex. App.—Waco 2007, no pet.).

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Motion granted
Order issued and filed June 20, 2018