

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00391-CR

EARNEST UTLEY,

                                                      Appellant

 v.

THE STATE OF TEXAS,

                                                      Appellee

From the 278th District Court
Walker County, Texas
Trial Court No. 27683

## ORDER

Counsel for Appellant, Earnest Utley, filed an *Anders*[1] brief.  Counsel informed

Appellant of his right to review the record and file a pro se response, though it does not

appear that counsel provided Appellant with a copy of the record in this case.  *See*

*generally Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).  On October 1, 2018,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Appellant filed a request for "a complete copy of the appellate record." Appellant's request for documents is granted and will be implemented as provided for herein.

In accordance with *Stanley v. State*, No. 10-14-00320-CR, 2015 Tex. App. LEXIS 4719 (Tex. App.—Waco May 7, 2015, order) (per curiam), counsel is ORDERED to obtain and send to Appellant, within 14 days from the date of this order, copies of the clerk's record, reporter's record, and all documents in the appellate record and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task. In the event that the record made available to Appellant must be returned to the trial court clerk, counsel must notify Appellant and this Court of that fact.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.10. If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 30 days from the date counsel sends notice to the Court that the record has been forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant. If counsel notified Appellant and this Court that

the record being provided to Appellant was obtained from the trial court clerk and must be returned thereto, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with Appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to the Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, if herein required, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay.

Additionally, in his request for the record, appellant also asks for the appointment of new counsel in this case. We first note that appellant is currently represented by counsel who has filed an *Anders* brief and who has not been allowed to withdraw at this time. It is only if we find an arguable, non-frivolous issue in this case will the case be remanded to the trial court for the appointment of new counsel. *See In re Schulman*, 252

S.W.3d 403, 410-11 (Tex. Crim. App. 2008) ("Under the *Anders* procedure, the motion to withdraw will not be granted until the appellate court decides whether the appeal is, in fact, wholly frivolous, or whether there are any arguable claims of merit. In either event, the motion to withdraw will be granted and either the appeal will be dismissed or the case abated to the trial court for appointment of new counsel."). And furthermore, the appointment of counsel for an indigent defendant is under the sole authority of the trial court. *See Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order); TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2017); *cf. Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). During an appeal, the trial court retains jurisdiction to appoint counsel for an indigent defendant. *See Enriquez*, 999 S.W.2d at 908; *see also Meza*, 206 S.W.3d at 688. Therefore, based on the foregoing, we deny appellant's request for the appointment of new counsel at this time.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed October 10, 2018
Do not publish

