

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00209-CR

**DONALD RAY SCOTT, JR.,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-1448-C1**

# O R D E R

Appellant's counsel has filed a motion to withdraw and *Anders*[1] brief with this

Court.   In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, 436

S.W.3d 313 (Tex. Crim. App. 2014), counsel also prepared and sent to Appellant a Pro Se

Motion for Access to Appellate Record.  *See id.* at 320.  Appellant, Donald Ray Scott, Jr.,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

has signed the motion for access and sent it to this Court. It was filed on February 14, 2019.

In the Certificate of Counsel that was filed on January 4, 2019, with the motion to withdraw and *Anders* brief, counsel represented to the Court that in addition to sending Appellant the Pro Se Motion for Access to Appellate Record, he also provided to Appellant copies of "the Reporter's Record; the Trial Clerk's Record; and all documents contained in the Appellate Record." Nevertheless, in an abundance of caution, Appellant's Pro Se Motion for Access to Appellate Record is granted and will be implemented as provided for herein.

In accordance with *Stanley v. State*, 523 S.W.3d 122 (Tex. App.—Waco 2015, order) (per curiam), counsel is ORDERED to obtain and send/resend Appellant, within 14 days from the date of this Order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when he has completed this task. In the event that the record made available to Appellant must be returned to the trial court clerk, counsel must notify Appellant and this Court of that fact.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.10. If counsel identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 30 days from the date counsel sends notice to this Court that the record has been forwarded to him, unless the due date is extended by order of this Court upon proper and timely motion by Appellant. If counsel notifies Appellant and this Court that the record being provided to Appellant was obtained from the trial court clerk and must be returned thereto, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with his response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Order issued and filed February 27, 2019
Do not publish

