

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00221-CV

## IN THE INTEREST OF J.N.C., A CHILD

**From the County Court at Law
Hill County, Texas
Trial Court No. CV416-18CCL**

## O R D E R

On August 7, 2019, Appellant's counsel filed a motion to withdraw and *Anders*[1] brief with this Court. *See In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal). Counsel also prepared and sent to Appellant a Motion for *Pro Se* Access to Appellate Record. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014).

Appeals in parental termination cases are accelerated appeals with extremely short deadlines promulgated by the Supreme Court of Texas. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. Accordingly,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

by letter dated August 30, 2019, the Clerk of this Court notified Appellant that if she wished to obtain a copy of the record, she must sign and date the motion for *pro se* access to the appellate record provided to her by her attorney and send it to this Court within 10 days of the date of the letter. The Clerk of this Court further notified Appellant that she had 20 days from the date of the letter in which to file a response to her attorney's brief or to file a motion requesting an extension of time in which to file her response.

Appellant, Cassandra Lira, signed the motion for access and sent it to this Court. Appellant, however, did not date the motion, and it was not received and filed by this Court until October 7, 2019. Nevertheless, Appellant's Motion for *Pro Se* Access to Appellate Record is granted and will be implemented as provided for herein.

Counsel is ORDERED to obtain and send Appellant, within 14 days from the date of this Order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the attorney of record for the Texas Department of Family and Protective Services, the attorney ad litem for J.N.C., the trial court, and the trial court clerk when he has completed this task. In the event that the record made available to Appellant must be returned to the trial court clerk, counsel must notify Appellant and this Court of that fact. *See Stanley v. State*, 523 S.W.3d 122 (Tex. App.—Waco 2015, order) (per curiam).

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record. *See* TEX. R. APP. P. 9.8-9.10. If counsel identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to

withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file her *pro se* response to counsel's *Anders* brief within 20 days from the date counsel sends notice to this Court that the record has been forwarded to her, unless the due date is extended by order of this Court upon proper and timely motion by Appellant. If counsel notifies Appellant and this Court that the record being provided to Appellant was obtained from the trial court clerk and must be returned thereto, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with her response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 35 days of the date the attorney sends notice to the Court that the record was forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Order issued and filed October 16, 2019
RWR

